Woodward, J.:
The assessors of the town of Hempstead in the years 1898, 1899 and 1900 assessed certain taxes against the Long Beach Hotel and Cottage Company, and these taxes remaining unpaid the county treasurer of Nassau county advertised the same for sale, and there being no bidders the same were struck off to the county. This sale took place on the 17th day of December, 1902, and the owners had one year in which to redeem such property. The relator, who claimed to have an interest in such property, just before the expiration of the time to redeem demanded of the ■ county treasurer an assignment of the certificate of sale “ for the sole purpose of protecting my interest in said property; ” and further stated u please take notice that, on the payment by me this day of the sum of thirteen thousand, four hundred sixty-two and 25-100 dollars ($13,462.25), for an assignment of said certificate of sale, I make said payment under protest on the ground that said sale and assessments were illegal and not authorized by law, and<that in the event of the same being hereafter so declared by any court of competent jurisdiction I will look to the county of Nassau for the return of said money, with interest thereon from the date hereof, together with any damages I may suffer by reason thereof.” The county treasurer thereupon assigned the certificate of sale to the relator, who paid over the amount above set forth, and subsequently it was determined that the town of Hempstead was the owner of the premises involved, and that the tax was not, therefore, a lien upon the same. The relator thereupon presented a verified claim to the board of supervisors of Nassau county for the return of the money which he had paid for the certificate of sale, and that body took the claim under consideration and voted to reject the same, upon the ground that it *178 had no legal right to pay the claim. The question of the legal right' of the board to refund the money paid by the relator for the certificate of sale is under review here, it not being claimed that there is any lack of a moral obligation to do so.
There is no doubt, it would seem, that the county treasurer had the- right to bid in the lands at the sale, if they were properly assessed (See Tax Law [Laws of 1896:, chap. .908], |§§ 122, 157),. and that he had the right to assign such certificate at' any time before the expiration of the timé, for redemption (Id. §' 122), and the purchaser of such certificate would stand in exactly the same position ■ as any other purchaser at the tax sale. If we are correct in this, the purchaser of the certificate Would be entitled, to a conveyance upon the expiration óf the, period for redemption (Tax Law, § 153, as arad.‘by Laws:of 1898-, chap. 339), and be entitled to “ possess and enjoy for-his own. use the real estate described in such conveyance, unless- redeemed as herein provided., and after the expiration -of the time to'-redeem the same may cause thq occupant of such real estate to be removed, therefrom.” (Id, § T54.) This beingj the right of the relator as the' purchaser of 'the certificate, assuming it to have.been based upon a valid assessment of the premises, it is difficult to understand why he is not entitled to the provisions of section 155 of the Tax Law, which provides that “ whenever any purchaser under such sale ■shall be unable to regain possession of the real estate purchased by him by reason of error or irregularity in the assessment or levying of a tax,-or in proceedings for thb collection- thereof, the board of. supervisors of the county shall refund the' purchase-money so paid With interest, upon the same being presented and audited as other county charges, and such moneys shall be charged over to the tax district whére the irregularity arose.” This would clearly have been the right of the relator if he had appeared at the tax-sale,and purchased, the premises at such sale, and his rights can'hardly be less because he purchased the certificate of the county treasurer after the: sale, under a mistaken theory that this was necessary to protect some supposed interest in the property. The assessment was void on which the whole transaction was based, and we discover no reason in laW, in equity or in justice why the relator should not be given the relief which lie demands.
The prayer of the relator should be granted an cl- the board of *179 supervisors directed to audit and pay his claim, as presented, with costs of this proceeding.
HieschberG, P. J., Bartlett, Bich and Miller, JJ.,' concurred.
* Determination of. the hoard of' supervisors of Nassau county annulled, and proceeding remitted to said board for audit in accordance with the opinion of Woodward, J.